```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

CLARENCE CARR, JR.,
                                                             **No. 1:12-CV-00277 (MAT)**
                               Petitioner,    **DECISION AND ORDER**
       -vs-

NORMAN BEZIO, Superintendent,

                              Respondent.
_____

**I.  Introduction**

Clarence Carr, Jr. ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered on August 1, 2008, in Erie County Court (Buscaglia, J.), following a jury verdict convicting him of attempted murder in the second degree (N.Y. Penal Law §§ 110.00, 125.25(1), 20.00), criminal possession of a weapon in the second degree (N.Y. Penal Law §§ 265.03(2), 20.00), and two counts of criminal possession of a weapon in the third degree (N.Y. Penal Law §§ 265.02(1), 265.02(4), 20.00).

**II.  Factual Background and Procedural History**

By indictment of an Erie County grand jury dated August 11, 2006, petitioner was charged with one count of attempted murder in the second degree, one count of assault in the first degree, and four counts of criminal possession of a weapon ("CPW") in varying degrees. The charges arose from an incident in which petitioner and his son, Eric Carr, attempted to murder Antoine D. Marble by

shooting and stabbing him. Petitioner and his son, who were each charged as accomplices to attempted murder, were tried jointly at a jury trial which commenced January 2, 2007. At trial, the evidence established that on July 26, 2006, petitioner and his son chased the unarmed Marble through a convenience store, surveillance video from which showed Eric Carr shooting and petitioner stabbing Marble. After Marble ran from the store, both co-defendants followed him. Outside a nearby apartment complex, Marble laid on the ground while Eric Carr once again shot him, and petitioner again struck him with a knife. Petitioner testified at trial and admitted to stabbing the victim in the shoulder. Medical testimony established that Marble's injuries were life-threatening.

The jury convicted petitioner of attempted murder, CPW in the second degree, and two counts of CPW in the third degree. On May 21, 2007, Judge Buscaglia sentenced petitioner to a determinate sentence of 25 years plus five years post-release supervision ("PRS") on the attempted murder count, fifteen years determinate plus five years PRS on the count of CPW in the second degree, seven years determinate with three years PRS on the first count of CPW in the third degree, and two and one-third to seven years indeterminate on the second count of CPW in the third degree, all sentences to run concurrently.

Petitioner filed a counseled direct appeal to the New York State Supreme Court, Appellate Division, Fourth Department. The Fourth Department unanimously affirmed the conviction, and the

New York State Court of Appeals denied leave to appeal. See People v. Carr, 70 A.D.3d 1471 (4th Dep't 2010), lv denied 14 N.Y.3d 886.

On February 23, 2011, petitioner filed a petition for a writ of error coram nobis, seeking to vacate the Fourth Department's judgment affirming his conviction. The Fourth Department denied that motion, and the Court of Appeals denied leave. See People v. Carr, 81 A.D.3d 1387 (2011), lv denied 17 N.Y.3d 793. Petitioner filed two post-conviction motions pursuant to New York Criminal Procedure Law ("CPL") § 440.10. The first, dated December 9, 2010, was denied on August 25, 2011. The second, dated January 31, 2012, was denied on August 17, 2012. The Fourth Department denied leave to appeal both of these motions.

### D.  The Federal Habeas Proceeding

This timely habeas petition followed, in which petitioner contends that trial and appellate counsel were ineffective for the reasons raised in his first CPL 440.10 motion and petition for a writ of error coram nobis, respectively.[1] Petitioner's specific contentions are discussed below. Respondent contends that petitioner's claims lack merit and asserts that various claims are procedurally barred.

## III. Standard of Review

---

[1] The amended petition, dated October 9, 2012 (Doc. 16), consolidated into two grounds the four grounds raised in the original petition (Doc. 1). This amended petition was filed subsequent to petitioner's motion to stay pending his second CPL 440.10 motion, which motion he later abandoned, claiming it was "erroneously" filed. (See Docs. 12, 15).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Superior Court for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir.2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented, 28 U.S.C. § 2254(d)(2).

**IV. Grounds Asserted in the Petition**

    **A.**    **Ineffective Assistance of Trial Counsel (Ground Two)**

Petitioner contends that his trial counsel, Jack Danziger, Esq., was ineffective for the reasons stated in his December 9, 2010 CPL 440.10 motion. That motion argued that trial counsel was defective for the following reasons: (1) he was inexperienced; (2) he proceeded to defend petitioner despite a conflict of interest; (3) he failed to challenge petitioner's statement to police; (4) he failed to object to the court's justification charge and the prosecutor's misconduct on summation; (5) he failed to request a missing witness charge; (6) he failed to object to the court's charge on the defense of justification; and (7) he failed

to request severance of petitioner's case from the co-defendant's. Respondent counters that these claims are meritless, and also raises various procedural bars will be discussed below.

In a decision dated August 25, 2011, Judge Buscaglia denied petitioner's 440 motion. As to the first ground, he found that petitioner's counsel was competent and "pursued effective representation throughout all stages of the prosecution of [the] indictment." Doc. 1-1 at 81. Judge Buscaglia denied grounds two, six, and seven pursuant to CPL § 440.10(2)(c), finding that they could have been raised on direct appeal. As for grounds four and five, Judge Buscaglia found that those issues "were core arguments of the defendant's brief on appeal." Doc. 1-1 at 82. Thus, he denied those grounds pursuant to CPL § 440.10(2)(a), which precludes post-conviction review of those issues.

The Court finds that grounds two through seven are barred by an adequate and independent state ground. All of these claims were dismissed based on either CPL § 440.10(2)(a) or (c), both of which sections constitute adequate and independent state law grounds. See Sweet v. Bennett, 353 F.3d 135, 139-40 (2d Cir. 2003) (holding that CPL § 440.10(2)(c) constitutes adequate and independent state law ground where basis of ineffective assistance claim is apparent from trial record); Cruz v. Berbary, 456 F. Supp. 2d 410, 419-20 (W.D.N.Y. 2006) (finding that § 440.10(2)(a) is an independent and adequate state procedural ground and collecting cases). The only

remaining claim is ground one, in which petitioner alleges that counsel was ineffective for lack of experience.

To establish ineffective assistance of counsel, a defendant first must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and second, that "there is a reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Under Strickland, the Court is required to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001).

In this case, counsel actively participated in all stages of the trial, presenting a cogent and capable defense by making appropriate motions and objections, performing effective cross-examination of witnesses both at the pretrial and trial stages, and presenting reasonable opening and closing arguments. The record thus establishes that, in the aggregate, trial counsel's representation was effective. See Harrington v. Richter, 562 U.S. 86, 90 (2011) ("[I]t is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy."); United States v. DiPaolo, 804 F.2d 225, 234-35 (2d Cir. 1986) (holding that defendants were not denied effective assistance of counsel where counsel appeared well-prepared and demonstrated good understanding of the facts and legal principles involved in case).

Regarding petitioner's specific claim that trial counsel was inexperienced, the Court notes that there is no indication from the record that counsel lacked experience. In any event, "inexperience is not tantamount to ineffective assistance of counsel." <u>Arevalo v. Artus</u>, 2015 WL 2340240, *6 (E.D.N.Y. May 13, 2015) (citing <u>United States v. Chu</u>, 2012 WL 6051052, *9 (S.D.N.Y. Dec. 5, 2012); <u>United States v. Salameh</u>, 54 F. Supp. 2d 236, 250 (S.D.N.Y. 1999)). Therefore, petitioner's claims regarding ineffective assistance of trial counsel are dismissed.

**B.     Ineffective Assistance of Appellate Counsel (Ground One)**

Petitioner contends that appellate counsel, Kevin J. Bauer, Esq., was ineffective for the reasons raised in petitioner's December 2, 2010 petition for a writ of error coram nobis. That petition alleged that appellate counsel was ineffective for failure to (1) consult with petitioner regarding the case; (2) challenge an alleged tampered-with surveillance recording; (3) challenge duplicate weapons charges; (4) challenge the validity of a statement made to police which bore an expired notary seal; (5) raise unspecified "federal constitutional" claims; (6) raise an ineffective assistance of trial counsel claim regarding trial counsel's conflict of interest and failure to object to the trial court's denial of the missing witness charge; and (7) raise that he received the maximum sentence for a first offense.

As with a claim regarding trial counsel, to establish ineffective assistance of appellate counsel petitioner must show

7

that counsel was fundamentally defective, and that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. Strickland, 466 U.S. at 687. Initially, the Court notes that, contrary to petitioner's contention that counsel's brief was "worthless" (Doc. 1-1 at 19), appellate counsel submitted "a thorough, well-researched brief in which [appellate counsel] persuasively argued" four points on appeal. Jamison v. Bradt, 2011 WL 2728394, *6 (W.D.N.Y. July 12, 2011). Specifically, counsel contended that the verdict was unsupported by sufficient evidence and contrary to the weight of the evidence; the trial court's refusal to issue a missing witness charge was reversible error; the prosecutor's remarks on summation denied petitioner a fair trial;  and the sentence was harsh and excessive

As the Second Circuit has explained, "a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," but "counsel does not have a duty to advance every nonfrivolous argument that could be made." Ramchair v. Conway, 601 F.3d 66, 73 (2d Cir. 2010) (quoting Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Mayo, 13 F.3d at 533. Here, based on the

Court's review of the record, it is apparent that the appellate brief raised logical and strategic issues on appeal.

Moreover, an examination of each of petitioner's individual points reveals that each fails on the merits. First, petitioner alleges that counsel "failed to consult" with him by failing to "adequately investigate or peruse the trial record to ascertain what or what was not preserved for appellate review." Doc. 1-1 at 23. As respondent points out, petitioner's contention is belied by petitioner's own submission, which included a letter from appellate counsel. That letter informed petitioner of the points counsel intended to raise, and indicated that counsel would not raise two points suggested by petitioner's correspondence, as the "record [was] clear that [petitioner] expressly waived on both issues." Doc. 1-1 at 30. The letter indicates that counsel had reviewed the record and came to a strategic decision regarding the points to be raised on appeal. There is nothing in petitioner's submissions, aside from his generalized allegations, to suggest that counsel failed to consult with him.

Second, in grounds two through five above, petitioner argues that counsel should have raised various issues which were obviously unpreserved for appeal. Specifically, petitioner argues that counsel should have challenged an alleged tampered-with surveillance recording, supposedly duplicative weapons charges, and the validity of a statement made to police because it bore an expired notary seal. Petitioner also argues that counsel should

9

have raised various unspecified constitutional claims on appeal. It is well-established that the failure to raise unpreserved issues does not constitute ineffective assistance of appellate counsel. See, e.g., Aparicio v. Artuz, 269 F.3d 78, 96 (2d Cir. 2001) (holding that appellate counsel was not ineffective for failing to raise clearly unpreserved claim); Weathers v. Conway, 2007 WL 2344858, *5 (W.D.N.Y. Aug. 15, 2007) (same).

Next, petitioner argues that appellate counsel should have raised a claim that trial counsel was ineffective for representing petitioner despite a conflict of interest and failure to object to the trial court's denial of the missing witness charge. As counsel noted in the above-mentioned letter to petitioner, the conflict of interest had been "expressly waived" by petitioner, and therefore counsel declined to brief the issue. Doc. 1-1 at 30. Counsel cannot be faulted for failure to raise this meritless issue. See Almanzar v. United States, 2009 WL 161055, *3 (S.D.N.Y. Jan. 21, 2009) (holding that "[b]ecause there was no ineffective assistance of counsel at the trial court level[,] appellate counsel cannot be faulted for failing to raise the [meritless] claim at the appellate level") (citing Aparicio, 269 F.3d at 99 n.10 (2d Cir. 2001)). As to the missing witness charge, counsel did brief that issue substantively, but declined to raise it in the context of an ineffective assistance of trial counsel argument. Counsel's strategic decision in that regard will not be questioned, where it

is clear that any argument regarding ineffective assistance of trial counsel would have likely failed.

Finally, petitioner's contention that counsel failed to raise an argument regarding his receiving the maximum sentence is belied by the record. The fourth point of counsel's brief contended that the sentence was harsh and excessive, and pointed out that petitioner had no criminal history since 1980. For the reasons outlined above, petitioner's claims regarding ineffective assistance of appellate counsel are dismissed.

## CONCLUSION

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied, and the amended petition (Doc. 16) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is requested to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**

                                      HON. MICHAEL A. TELESCA
                                      United States District Judge

Dated:    November 9, 2015
            Rochester, New York.